**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TRUMAN COIN GROSS,                                                                    PLAINTIFF
ADC #135755

V.                                        4:19CV00933-KGB-JTK

ASA HUTCHINSON, et al.                                                          DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.     Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Gross, a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Division of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, claiming "eminent danger" of harm by Defendants. (Doc. No. 1)

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed with prejudice, as frivolous, and as barred by res judicata.

**I.      Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.    28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke    v. Williams, 490 U.S. 319, 325 (1989).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).   However, regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Id. at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

## II.    Facts and Analysis

Plaintiff filed this Complaint on behalf of himself and the "White Aryan Resistance," and complained Defendants placed him in eminent danger by subjecting him to brain computer interface technology. (Doc. No. 1, p. 5) He further alleged that Defendants used illegal experimental technology designed to disrupt the senses and personality and to manipulate the

muscular and nervous system functions by implanting thoughts and images in the mind and retrieving thoughts from the mind. (Id., pp. 5-6) These allegations are barred by res judicata and also should be dismissed as frivolous.    In Gross v. Kelly, 5:18cv00007-SWW, Plaintiff complained about the same dangerous experimental technology and named some of the same Defendants. That case was dismissed as frivolous on February 21, 2018 (Doc. No. 22)

As noted by the Court in the previous case, Plaintiff's present claims lack an arguable basis in law or fact because they are based on "an indisputably meritless legal theory." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Neitzke, 490 U.S. at 327). They also are barred by res judicata, where "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994). The Court further stated, the "prior judgment is binding ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose....[and] whether the present action is the same cause of action as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'" Id., quoting Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990)

Therefore, Plaintiff's Complaint should be dismissed as frivolous and barred by res judicata and should be considered a "strike" within the meaning of the PLRA. Plaintiff's pending Motion for injunctive relief also should be denied.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED with prejudice as frivolous and as barred by res judicata.

2.      Plaintiff's Motion for Preliminary Injunction (Doc. No. 8) be DENIED.

3.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

4.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 16th day of January, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.